IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CT-3094-FL

| STEVE AUDETTE, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, DR. NOGO, DR. HERBAL, DR. REED, DR. STOCK, NURSE PATTERSON, NURSE CONLEY, DR. STRIBLAND-RILEY, C/O JOHNSON, UNKNOWN PARTY, Head Warden, UNKNOWN PARTIES, P.A. OVERTON, C/O CAREY, FEDERAL MEDICAL CENTER LEGAL DEPARTMENT, UNKNOWN PARTY, Head of Medical Department, DR. SHURGAR, DR. JAIKUMAR, FEDERAL MEDICAL CENTER, NURSE REID, UNKNOWN PARTY, Head of Psychology Department, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants [1]. | ) | |

Plaintiff, a federal inmate, filed this civil rights action *pro se* pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) 42 U.S.C. § 1983. The matter comes before the court for frivolity review pursuant to 28 U.S.C. § 1915. The matter is also before the court on plaintiff's motion to appoint counsel (DE 7), motion to be granted latitude (DE 18), and motion to subpoena records (DE 19).

---

[1] Plaintiff filed his original complaint in the United States District Court for the District of Arizona. The case was transferred to this court on April 4, 2017 (D.E. 11). Prior to transfer, the District of Arizona directed plaintiff to re-file his complaint on the proper form. The court constructively has amended the caption of this case to reflect the parties named in plaintiff's amended complaint.

A.    Motion to Appoint Counsel

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claims are not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

B.    Motion to be Granted Latitude

In this motion, plaintiff reminds the court that he is proceeding *pro se*, and, therefore, he requests latitude in presenting his claims. In many respects, this filing supplements his motion to appoint counsel. To the extent this motion supplements or renews plaintiff's request for the appointment of counsel, it is DENIED for the reasons stated above. To the extent plaintiff requests that the court liberally construe his *pro se* filings, that request is DENIED, as moot, because the court must already do so. See White v. White, 886 F.2d 721, 724 (4th Cir. 1989) (pro se litigant complaints must be liberally construed; however, a minimum level of factual support is required).

C.    Motion to Subpoena Records

In this motion, plaintiff seeks the production of discovery in support of his claims. Plaintiff's claims have not yet survived frivolity review, and no defendant has been served. Accordingly, this request is DENIED, as premature. Moreover, plaintiff is notified that, after service, any discovery requests must be made directly to defendants rather than filed with this court. Finally, the court also notes that, even if these requests were not premature, they appear to be overbroad and unduly burdensome on their face.

D.      Initial Review

The court now conducts a frivolity review of plaintiff's complaint and amended complaint. A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff contends that prison officials were deliberately indifferent to his serious medical needs and/or that the United States provided him negligent medical treatment. Such claims are potentially non-frivolous. However, plaintiff's current filings fail to meet the requirements of notice

3

pleading. See Fed. R. Civ. P. 8. Plaintiff lists over 20 defendants scattered across eight separate counts in his complaint. Many of these defendants are John Doe Defendants. His allegations are rambling and disjointed, and fail to coherently connect specific defendants to specific behavior and specific injuries. In addition, portions of his complaint appear fanciful and factually frivolous. (See, e.g., Am. Compl. (D.E. 7), p. 6 (contending that prison officials have refused to submit his religious confession to a grand jury)). In sum, plaintiff's filings have not given any defendant fair notice of his claims or the factual basis upon which they rest. See, e.g., Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Burnette, 687 F.3d at 182–84.

Thus, plaintiff is DIRECTED to file a particularized complaint. Specifically, plaintiff must name the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim. Plaintiff further is on notice that he must connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation. Moreover, plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The court notifies plaintiff that his amended complaint will be considered his complaint in its entirely, and the court will not review plaintiff's other filings to glean any misplaced claims. Plaintiff's response will be subject to further frivolity review. See 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Based on the foregoing, plaintiff's motions (D.E. 15, 18, 19) are DENIED. Plaintiff must file a particularized complaint as directed herein within **21 days** of this court's order. The clerk of

court is DIRECTED to send plaintiff the form for filing a Bivens/FTCA action. In the event plaintiff fails to respond to this court's order, the clerk of court shall, without further order of the court, enter judgment dismissing the action without prejudice.

SO ORDERED, this the 2nd day of October, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge